# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SHARON-FRANCES MOORE, | CASE NO. 10 CV 941 JLS (JMA) |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND; (2) REMANDING THE ACTION TO STATE COURT; (3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 221, et al., | |
| Defendant. | |

Presently before the Court is Service Employees International Union Local 221's ("Defendant") motion to dismiss for failure to exhaust internal union remedies (Doc. No. 3) and Sharon-Frances Moore's ("Plaintiff") motion to remand the action to state court. (Doc. No. 4.) For the reasons stated below, the Court **HEREBY GRANTS** Plaintiff's motion to remand; **REMANDS** the action to state court; and **DENIES AS MOOT** Defendant's motion to dismiss.

## BACKGROUND

The following facts are undisputed or immaterial to the motions before the Court unless indicated otherwise.

Plaintiff was the President of Defendant prior to her resignation, effective January 19, 2010. At the time of her resignation, Defendant also purportedly entered into two contracts with Plaintiff, a sixty-day consultant agreement and a severance and release agreement ("the

1 Agreements"). The Agreements provided that Plaintiff would be paid quarterly payments totaling
2 over $100,000 as well as health care benefits in exchange for a release of claims arising from
3 Plaintiff's tenure as President. The Agreements were signed by three officers of Defendant and by
4 Plaintiff. However, approximately two weeks later on February 4, 2010, Defendant rescinded the
5 Agreements.

6 Plaintiff filed the present action in San Diego Superior Court on March 22, 2005, alleging
7 causes of action for breach of contract and breach of the implied covenant of good faith and fair
8 dealing. (Doc. No. 1.) Defendant thereafter removed the action to this Court on April 30, 2010,
9 asserting that Plaintiff's state claims are preempted by Labor Management Relations Act § 301, 29
10 U.S.C. § 185. (*Id.*)

11 Defendant subsequently filed the present motion to dismiss the action for failure to exhaust
12 internal union remedies on May 5, 2010. (Doc. No. 3.) While that motion was still pending,
13 Plaintiff filed the present motion to remand the action to state court. (Doc. No. 4.) The Court
14 thereafter continued the motion to dismiss and rescheduled the hearing so that both motions would
15 be heard and briefed simultaneously. (Doc. No. 6.) As such, the parties filed their respective
16 responses in opposition on July 22, 2010. (Doc. Nos. 7, 8.) Defendant also filed a reply in support
17 of its motion to dismiss. (Doc. No. 10.) Plaintiff did not file a reply in support of her motion to
18 remand. The hearing on both motions scheduled for August 5, 2010 was thereafter vacated and the
19 motions were taken under submission without oral argument.

20 **LEGAL STANDARDS**

21 **I.      Removal**

22 "If at any time before final judgment it appears that the district court lacks subject matter
23 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing federal
24 subject matter jurisdiction and therefore proper removal is on the party seeking removal. *See*
25 *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Emrich v. Touche Ross & Co.*, 846
26 F.2d 1190, 1195 (9th Cir. 1988). The removal statute is strictly construed against removal.
27 *Emrich*, 846 F.2d at 1195; *see also Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426
28 (9th Cir. 1987).

**II.     Federal Preemption and Labor Management Relations Act § 301**

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* As such, the plaintiff is the "master of the claim." *Id.*

However, the "complete preemption" doctrine provides a corollary to the well-pleaded complaint rule. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983). This doctrine provides that any claim purportedly based on preempted state law is properly considered a federal claim arising under federal law. *Id.* at 24; *see also Caterpillar*, 482 U.S. at 393. The complete preemption doctrine "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA [Labor Management Relations Act]." *Caterpillar*, 482 U.S. at 393.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The United States Supreme Court "has explained that § 301 preempts only claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *See Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) (internal quotations omitted) (citing *Caterpillar*, 482 U.S. at 394; *Franchise Tax Bd.*, 463 U.S. at 23). A state court suit seeking to vindicate workers' rights without regard to the collective-bargaining agreement ("CBA") is preempted if it "requires the interpretation of a collective-bargaining agreement." *Cramer*, 255 F.3d at 690 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that a claim is preempted if

1  "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor
2  contract"). In other words, "if the resolution of a state-law claim depends upon the meaning of a
3  collective-bargaining agreement, the application of state law . . . is preempted and federal labor-
4  law . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 405-06.

5  However, the Supreme Court has also made "clear that when the meaning of contract terms
6  is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted
7  in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*
8  *v. Bradshaw*, 512 U.S. 107, 124 (1994) (citing *Lingle*, 486 U.S. at 413 n.12). Further, "alleging a
9  hypothetical connection between the claim and the terms of the CBA is not enough to preempt the
10 claim." *Cramer*, 255 F.3d at 691. A need to "look to" "the CBA merely to discern that none of its
11 terms is reasonably in dispute does not require preemption." *Id.* (citing *Livadas*, 512 U.S. at 125).[1]
12 In sum, "[a] state law claim is not preempted under § 301 unless it necessarily requires the court to
13 interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution
14 of the dispute." *Cramer*, 255 F.3d at 690. "The plaintiff's claim is the touchstone" for this
15 analysis; "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Id.* at
16 691.

17 Moreover, §301 preemption encompasses contract disputes based upon the terms of the
18 union constitution, not just collective-bargaining agreements. *See Wooddell v. Int'l Broth.. of*
19 *Elec. Workers, Local 71*, 502 U.S. 93, 101 (1991) ("Collective-bargaining agreements are the
20 principal form of contract between an employer and a labor organization. Individual union
21 members, who are often the beneficiaries of provisions of collective-bargaining agreements, may
22 bring suit on these contracts under § 301. Likewise, union constitutions are an important form of
23 contract between labor organizations. Members of a collective-bargaining unit are often the
24 beneficiaries of such interunion contracts, and when they are, they likewise may bring suit on these
25 contracts under § 301."); *see also United Ass'n of Journeymen and Apprentices of Plumbing and*

---

28  [1] In *Livadas*, the Court found that a claim was not preempted because it required the Court to "look to" the CBA to determine a term when there was no indication in the case that the term was in dispute. 512 U.S. at 124-25.

*Pipefitting Indus. of U.S. and Canada v. Local 334*, 452 U.S. 615, 623 (1881); *Serv. Employees Intern. Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1070 (9th Cir. 2010); *Panczykowski v. Laborers' Int'l Union of N. Am.*, 2 F. App'x 157, 160 (2d Cir. 2001).

## DISCUSSION

In its notice of removal, Defendant claims that Plaintiff "artfully pled" her claims, but that they are in fact preempted by § 301 of the LMRA. (*See* Doc. No. 1.) The basis for removal is Plaintiff's allegation in her first amended complaint ("FAC"), the operative complaint, that "[t]he Agreement was signed on behalf of [Defendant] by James Slade, Alison Barkely and Richard Lovett, who, collectively, *pursuant to the Constitution and bylaws of [Defendant]* have authority to act as the President, with authority to bind [Defendant] to contracts such as the Agreement." (FAC, ¶ 11 (emphasis added).) As such, Defendant contends that Plaintiff's breach of contract claim is "grounded" in provisions of Defendant's constitution and by-laws because "plaintiff must first prove that the Agreement is valid and enforceable in order to succeed on her claims." (*See* Opp. to Mot. to Remand at 6.) Accordingly, Defendant argues that resolution of Plaintiff's claims will necessarily require the Court to interpret the constitution insofar as it addresses, among others, the requirements for a valid and enforceable financial contract, the procedures and signatures required to create a binding contract, and "whether the Agreement is a permissible use of union funds under the Constitutions and By-laws" of Defendant's constitution. (*See* Doc. No. 1 at 4-5; *see also* Opp. to Mot. to Remand at 6-8.) The Court finds that Defendant has not met its burden of establishing federal preemption pursuant to § 301 of the LMRA.

To begin, Defendant has not set forth why the Court will need to "interpret" the constitution and by-laws to determine whether the Agreements are "valid and enforceable." To be sure, a breach of contract claim requires the existence of a valid contract. However, without the validity of the contract explicitly in dispute, the Court will not "look to" the constitution "merely to discern that none of its terms [are] reasonably in dispute" sufficient to preempt the claims. *Cramer*, 255 F.3d at 691 (citing *Livadas*, 512 U.S. at 125). Moreover, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement [or union constitution] will be consulted in the course of state-law litigation plainly does not require the

claim to be extinguished." *Livadas*, 512 U.S. at 124 (citing *Lingle*, 486 U.S. at 413 n.12). Defendant has not sufficiently argued that the terms of the constitution or by-laws will need to be "interpreted" by this Court, instead of merely referenced or consulted. *See id.*

In other words, even though Plaintiff may have to establish the existence of a valid contract as an element of her claim, there is insufficient support for the finding that the "resolution" of the claim is "substantially dependent" on an "interpretation" of the constitution and by-laws. *See Lingle*, 486 U.S. at 405-06; *Caterpillar*, 482 U.S. at 394; *Franchise Tax Bd.*, 463 U.S. at 23. Accordingly, the Court finds that Defendant has not established that Plaintiff's claims are federally preempted by § 301 of the LMRA sufficient to support federal jurisdiction and removal of the action from state court.

## CONCLUSION

For those reasons, the Court **GRANTS** Plaintiff's motion to remand and **HEREBY REMANDS** the action to San Diego Superior Court. As such, the Court has no jurisdiction over Defendant's motion to dismiss and therefore the motion is **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: September 2, 2010

Honorable Janis L. Sammartino
United States District Judge